## Hrycenko v. Allentown School District

222

C.P. of Lehigh County, no. 2000-E-51.

*Gerald I. Roth,* for plaintiff.
*Jeffrey T. Tucker,* for defendant.

BLACK, *J.,* November 1, 2000—Plaintiff, Peter B. Hrycenko, seeks a mandatory injunction to require the defendant, the School District of the City of Allentown, to allow Mr. Hrycenko's 15-year-old son, Nestor Hrycenko, to try out for the Allen High School soccer team. We denied a preliminary injunction after a hearing on October 12, 2000. The parties stipulated that the preliminary hearing could also be considered as the final hearing. Accordingly, we now make our final adjudication.

## FINDINGS OF FACT

(1) Plaintiff is the father of Nestor Hrycenko, age 15.

(2) Plaintiff and his son Nestor reside in the Allentown School District.

(3) Nestor is a home-schooled student currently in the ninth grade.

(4) Nestor wishes to try out for the Allen High School soccer team.

(5) Defendant has a policy of excluding home-schooled students from participation in any extracurricular activities, including athletics.

(6) This policy has been consistently enforced by defendant since its adoption in 1992.

(7) There are currently 89 home-schooled students within the Allentown School District, none of whom is permitted to participate in any school athletic programs or other extracurricular activities.

## CONCLUSIONS OF LAW

(1) Under the Public School Code, a school district is vested with discretion to decide whether or not to allow home-schooled students to participate in extracurricular activities, including athletics. See 24 P.S. §5-511.

(2) The Pennsylvania Home Education Program, adopted by the Pennsylvania Legislature in 1998, does not require a school district to allow home-schooled students to participate in extracurricular activities. See 24 P.S. §13-1327.1.

(3) The Pennsylvania Interscholastic Athletic Association (PIAA), a voluntary association of public high schools that regulates athletic competition among its

members, leaves to the local school boards the decision whether or not to allow home-schooled students to participate in interscholastic athletic programs.

(4) Defendant followed proper legal procedures in 1992 when it adopted its current policy prohibiting home-schooled students from participating in extracurricular activities, including athletics.

(5) Plaintiff has not identified any legal principle, either constitutional, statutory or otherwise, that would invalidate the policy adopted by defendant.

(6) This court is without authority to override defendant's governing body, the duly elected school board, on a discretionary school policy such as this.

(7) Plaintiff's request for a mandatory injunction is without any legal basis and must be denied.

## DECREE NISI

Now, November 1, 2000, after a hearing held on October 12, 2000,[1] for the reasons set forth in the accompanying adjudication, it is ordered that plaintiff's complaint is dismissed and judgment is hereby entered against plaintiff in favor of defendant.

This decree nisi shall become final unless exceptions are filed within 10 days from the date hereof.

---

1. The parties stipulated that this hearing would be considered the final hearing as well as the preliminary hearing.